IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRYAN ALDRIDGE**                                                                                        **PLAINTIFF**

v.                                          CASE NO. 4:24-CV-00023-BSM

**PULASKI COUNTY, ARKANSAS,**
**RONALD LEE ROUTH,**
in his individual capacity, and
**RODNEY SHEPHERD,**
in his individual capacity                                                                                **DEFENDANTS**

## ORDER

The motions to dismiss by Pulaski County and Rodney Shepherd [Doc. Nos. 13, 15] are granted as to Bryan Aldridge's Title VII retaliation claim against the County and denied on his remaining claims.

### I.  BACKGROUND

Aldridge worked as a detention officer at Pulaski County Juvenile Detention Center for nearly twenty years.  He was fired months after assisting law enforcement in an investigation that led to Ronald Routh, the former director of the center, being criminally charged with sexual assault and harassment.  Aldridge sued the County, Routh, and his former supervisor Shepherd for race discrimination, retaliation, and civil conspiracy.  The County and Shepherd are moving to dismiss.

### II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted.  To meet the 12(b)(6) standard, the facts

alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, items subject to judicial notice, and matters of public record may all be considered. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

### III.  DISCUSSION

A.  Title VII Claims

Aldridge does not bring a Title VII claim against Shepherd. *See* Am. Compl. Count I, Doc. No. 12; Resp. Shepherd's Mot. Dismiss 3, Doc. No. 20. Even if he did, dismissal would be proper because Title VII does not impose liability on supervisors. *See Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008).

The County's motion to dismiss Aldridge's race discrimination claim is denied because he has alleged a plausible claim. To establish a race discrimination claim, the plaintiff must typically show that: (1) he belongs to a protected class; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014). Aldridge's complaint alleges that: he is black; he worked for the County for almost twenty years and was promoted to a supervisory role; he and two

other officers were involved in an incident with a detainee; he was fired before an investigation into the incident was complete; the other officers, who were white and engaged in the same conduct, were not disciplined; the allegations against him were not sustained; and the County gave shifting reasons for firing him. Am. Compl. ¶¶ 2, 9, 32–38, 51. Taking these allegations as true at this stage, dismissal of this claim is not proper.

The County's motion to dismiss Aldridge's retaliation claim is granted because he failed to exhaust his administrative remedies with respect to that claim. He may only bring a Title VII suit as to alleged unlawful unemployment practices that are either described in his EEOC charge or like or reasonably related to them. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012). Aldridge's EEOC charge mentions only discrimination, and therefore failed to exhaust his retaliation claim. *See* County's Mot. Dismiss Ex. 1, Doc. No. 13-1; *Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 468 (8th Cir. 2022) (retaliation claims are not like or reasonably related to discrimination claims). The other documents Aldridge has presented—his intake questionnaire to the EEOC and the EEOC investigator's notes—did not exhaust his retaliation claim either because such documents "do not satisfy the statutory requirement for an administrative charge." *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 796 (8th Cir. 1998); *see* Resp. County's Mot. Dismiss Ex. 1, Doc. No. 19.

    B.    <u>Civil Conspiracy Claims</u>

Aldridge does not bring a civil conspiracy claim against the County. *See* Am. Compl. Count II; Resp. County's Mot. Dismiss 6.

Shepherd's motion to dismiss Aldridge's civil conspiracy claim is denied because he

3

has alleged a plausible claim. To state a claim of civil conspiracy under 42 U.S.C. section 1983, Aldridge must allege that (1) Shepherd and Routh conspired to deprive him of his constitutional rights; (2) at least one of them engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured him. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). Aldridge's complaint alleges that: he reported Routh's sexual misconduct to law enforcement; his report became widely publicized on or about January 30, 2023 when Routh was arrested; Routh and Shepherd conspired to fire Aldridge in retaliation for reporting Routh's misconduct; and Shepherd in fact fired him less than two weeks later. Am. Compl. ¶¶ 20, 23, 27, 30, 32, 55. Taking these allegations as true at this stage, dismissal of this claim is not proper.

The intracorporate conspiracy doctrine does not change this outcome. Under this doctrine, "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017). It is not appropriate to apply the intracorporate conspiracy doctrine at this stage because Routh may have been a private citizen at the time he allegedly conspired with Shepherd to retaliate against Aldridge. This is true because the complaint states that Routh ceased to be the director of the detention center and an employee of the County in January 2023, but Shepherd did not fire Aldridge until February 2023. Am. Compl. ¶¶ 8, 32; *Rossi v. Arch Ins. Co.*, 60 F.4th 1189, 1193 (8th Cir. 2023) (at motion to dismiss stage, all reasonable inferences are drawn in favor of the nonmoving party).

## IV.  CONCLUSION

For these reasons, Aldridge's Title VII retaliation claim against Pulaski County is dismissed without prejudice and the motions to dismiss are denied as to his remaining claims.

IT IS SO ORDERED this 16th day of April, 2024.

                                                    UNITED STATES DISTRICT JUDGE